IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:10-CV-85-H

ROBERT A. CHACE,

    Plaintiff,

v.

CHRISTOPEHR G. BRYANT, NEW
PRIME, INC., PREMIER
CARRIERS, LLC, and PRIME,
INC.,

    Defendants.

**ORDER**

This matter is before the court on plaintiff's motion to remand. Defendants have responded, and the time for further filings has expired. This matter is ripe for adjudication.

The instant case arises out of a motor vehicle collision on May 30, 2007 between a tractor trailer operated by plaintiff Robert A. Chace ("plaintiff") and a tractor trailer operated by defendant Christopher G. Bryant ("defendant Bryant") on Interstate 85 in Salisbury, Rowan County, North Carolina. On May 26, 2010, plaintiff commenced this action by filing a complaint against defendants New Prime, Inc., Premier Carriers, LLC, Prime, Inc., and Christopher G. Bryant in the Superior Court of Edgecombe County, North Carolina. On or about May 29,

2010, defendants new Prime, Inc., Premier Carriers, LLC and Prime, Inc. were served with the Civil Summons and Complaint. On June 28, 2010, those same defendants filed a Notice of Removal of this civil action from the Superior Court of Edgecombe County to this court pursuant to 28 U.S.C. § 1332(a)(23), 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446. As of the date of removal, defendant Bryant had not been served with the civil summons and complaint. Subsequent to removal, plaintiff filed a Notice of Service by Publication indicating that plaintiff served defendant Bryant by publication on July 27, August 3, and August 10, 2010.

Plaintiff alleges in the complaint that defendant Bryant is a citizen and resident of Edgecombe County, North Carolina. Defendants state in their response to the motion to remand that they have been unable to locate defendant Bryant and are unable to represent to this court where defendant Bryant resides with any degree of certainty.

Plaintiff moves to remand this matter to state court, arguing that defendant Bryant is a citizen of the State of North Carolina, and therefore, removal was improper. Defendants counter that because defendant Bryant had not been served at the time of removal, there is no defect in removal and this matter should remain in federal district court.

At issue is 28 U.S.C. § 1441(b), which provides,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

28 U.S.C. § 1441(b) (emphasis added).

Plaintiff, in his motion to remand, states that there can be no argument that defendant Bryant is not a proper defendant because at the time of the wreck he was operating the tractor trailer involved in the collision. Plaintiff's counsel requested that moving defendants' counsel, who will be representing Bryant, to accept or waive service on behalf of Bryant. Plaintiff argues that once he properly serves defendant Bryant that this court will no longer have federal subject matter jurisdiction based on diversity of citizenship.[1]

Plaintiff's argument, however, misses the mark. The joinder of Bryant, a resident defendant, will not destroy

---

[1] Subsequent to filing his motion to remand, plaintiff has filed a Notice of Service by Publication, indicating that plaintiff served defendant Bryant via publication. The court need not, and does not, decide whether defendant Bryant has been properly served. There is no dispute that plaintiff did not serve defendant Bryant until after the Notice of Removal was filed with this court.

3

complete diversity and will not therefore affect this court's subject matter jurisdiction, as plaintiff does not reside in North Carolina.

Nor is removal barred by joinder of Bryant. There is no dispute that defendant Bryant, the resident defendant, had not been served at the time of removal. The plain language of Section 1441(b) "implies that a diverse but resident defendant who has not been served may be ignored in determining removability." 14B Charles Alan Wright & Arthur R. Miller § 3723, at 784 (4th ed. 2009); see also McCall v. Scott, 239 F.3d 808 (6th Cir. 2001); Wensil v. E.I. Dupont De Nemours & Co., 792 F. Supp. 447 (D.S.C. 1992). Therefore, 28 U.S.C. § 1441(b) does not apply to bar removal of this action.

Plaintiff's motion to remand [DE #7] is DENIED.

This 1st day of November 2010.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26