IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO.: 4:10-cv-00085-H

| | | |
|---|---|---|
| ROBERT A. CHACE | ) | |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CONSENT PROTECTIVE ORDER** |
| CHRISTOPHER G. BRYANT, NEW | ) | |
| PRIME, INC., PREMIER CARRIERS, | ) | |
| LLC, and PRIME, INC. | ) | |
| | ) | |
|           Defendants. | ) | |
| | ) | |

The parties hereto have stipulated and agreed, by and through their respective counsel, to the entry of this mutual Protective Order pursuant to the North Carolina Federal Rules of Civil Procedure. The following terms and provisions will govern the production and use of certain confidential information as defined below, disclosed by one party to another in the discovery process. This Court having approved the same, IT IS HEREBY ORDERED:

1. **Designation of Materials as "CONFIDENTIAL"**

Any party (hereinafter the "Designating Party") shall have the right to designate as "Confidential" any document, information, or other form of evidence or discovery that the party believes, in good faith, embodies, contains privileged information, quasi-privileged trade secrets, or that is restricted by Rule 26(b)..

2. **Restriction of Use and Disclosure of Designated and Non-Designated Materials**

No documents, information, or things designated as "Confidential," nor any information derived therefrom, shall be disclosed to any person or entity except as set forth in paragraphs 6 and 7 of this Order. No person shall use any material designated "Confidential" or any information derived therefrom, for any purpose other than in connection with the investigation,

evaluation, preparation, trial, or other activity related to a party's prosecution or defense of this action. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any designated "CONFIDENTIAL" material.

3. **Marking of Designated Materials**

The designation as to documents shall be made by placing the legend, "CONFIDENTIAL on each page of any document that a Designating Party wishes to protect against unauthorized use or disclosure. In the event that compilations of information are produced directly from computer systems, databases, or other direct access to the business records of a party in the form normally maintained by that party in the ordinary course of business, such information shall be treated as "Confidential" pending the production of specific documents from such sources, at which time the documents will be formally designated. All the documents to be so designated shall be marked prior to providing a physical copy to a receiving party. The designation as to things, where inspection or sampling has been requested by a party, shall be made by placing a "Confidential" legend in the form described above on the thing or the container within which it is stored. By agreement of the counsel for the parties, documents may be made available for initial inspection by counsel for the requesting or receiving party prior to the furnishing party producing copies of selected items. The furnishing party shall then have an opportunity to designate and mark the documents as "Confidential" pursuant to the provisions of this Order, prior to furnishing copies to the receiving party.

4. **Designation of Deposition Testimony**

Any party or deponent may unilaterally designate portions of a deposition transcript "Confidential," provided such designation is either (a) made on the record during the deposition, or (b) made by written notice to all counsel of record, given within ten (10) business days after a deposition transcript is received by the deponent or his counsel, in which case all counsel

receiving a transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party. The Designating Party shall have the right to have all persons, except the deponent and his counsel, counsel of record for named parties, the court reporter and such other persons as are permitted to see designated material under paragraphs 6 and 7 hereof, excluded from a deposition, or any portion thereof, before any testimony that the Designating Party designates under this Order.

5. Filing Restricted Documents in CM/ECF

(a) Sealed Documents

1. Except for motions filed under seal in accordance with Local Rules and Electronic Cae Filing Administrative Policies Section T(1)(a)7 of the Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) the exact document or item, or portions thereof, for which

filing under seal is requested;

(ii) how such request to seal overcomes the common law or the

First Amendment presumption to access;

(iii) the specific qualities of the material at issue which justify

sealing such material, taking into account the balance of

competing interest in access;

(iv) the reasons why alternatives to sealing are inadequate; and

(v) whether there is consent to the motion.

## 6. Access to Confidential Materials

Materials designated as "Confidential":

(a) Shall be used only for the purposes of this litigation involving these parties and may not be used for purposes outside the reasonable conduct of this case; and

(b) Shall not be disclosed to anyone other than the Plaintiff, the Defendant, their respective employees and other individuals who may have access to such case materials in the normal course of their business or as required by law, their attorneys and their respective employees, witnesses, experts, the court reporter at depositions, hearings, or trials in this action, and the Court; provided however that, in trial of this case no party shall be limited (other than by the rules of evidence or order of this Court) in what may be introduced as evidence.

(c) It is the disclosing party's obligation to inform the individual to whom the material is to be disclosed of the nature of this Stipulated Protective Order and in particular, of the designation of particular information as "Confidential." The disclosing party may provide such individual with a copy of this Order, which will be deemed satisfactory notice to that individual of these obligations.

## 7. Disclosures to Authors and Previous Recipients

The designation of any document or other material as "Confidential" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the Designating Party as having been provided with the document or the information by the Designating Party.

## 8. Use of CONFIDENTIAL Materials in Court Proceedings

In the event that any material designated "Confidential" is used in any court proceeding, including but not limited to use at trial, it shall not lose its "Confidential" status through such use, and the parties shall take reasonable steps to protect its confidentiality during such use.

## 9. Discovery Sought By Third Parties

In the event that either party having possession, custody, or control of any materials designated "CONFIDENTIAL" by the other party receives a subpoena or other process or order to produce any such materials in another, unrelated proceeding from a non-party to this action, such party shall make a reasonable effort to notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, and cooperate with the Designating Party with respect to any reasonable procedures the Designating Party may choose to pursue on its own behalf regarding the "Confidential" materials. It shall be the responsibility of the Designating Party, not the party in possession of the documents, to defend against the subpoena or take such other action to protect the CONFIDENTIAL materials as said Designating Party may choose to undertake.

## 10. Disposition of Designated Materials at Conclusion of Case

Within sixty (60) days of the adjudication or resolution through settlement of this action, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each party shall return such Confidential materials and copies thereof to the Designating Party.

## 11. Miscellaneous Provisions

(a) This Protective Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular information is or is not "Confidential." Upon such hearing, the party asserting the confidentiality of the materials shall have the burden of establishing the same.

(b) Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with this Protective Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

(c) The inadvertent or unintended disclosure of materials designated "Confidential" by a Designating Party, or the failure to initially designate materials as "Confidential" under this Order, shall not be deemed a waiver of any claim for protection, provided the Designating Party gives prompt notice, after discovery of said inadvertent or unintended disclosure or the failure to initially designate, that the materials should be treated "Confidential" in accordance with the provisions of this Order.

(d) A party may object to a designation of "Confidential" by giving written notice to the party designating the disputed information. Within ten (10) days of receiving notice of the objection, the party or parties producing the "Confidential" materials shall respond to the objection, and the parties shall thereafter make a good faith effort to resolve the dispute. If the dispute cannot be resolved, either party may bring a motion before the Court to resolve the issue. In such a determination, the party claiming that the documents or materials constitute "Confidential" information subject to this Protective Order shall have the burden of establishing that good cause exists for maintaining the designation under this Protective Order. The disputed

information shall be treated as designated (i.e., "Confidential") under the terms of this Protective Order until any order from the Court.

(e) The parties and any other person subject to the terms of this Order agree that this Protective Order shall continue to be binding after termination of this litigation, except with respect to those documents and information that become a matter of public record.

(f) Entry of this Order is without prejudice to any party seeking to impose further restrictions on the dissemination of certain materials designated as "CONFIDENTIAL" or seeking to rescind, modify, alter, or amend this Order with respect to specific documents or information. The party seeking such relief shall first attempt in good faith to resolve the matter informally. If the matter cannot be resolved, the party seeking relief may then apply to the Court.

(g) Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

(i) at the time of disclosure hereunder, was generally known to the public or the document containing the information is already in the public record by publication or otherwise; or

(ii) since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise; or

(iii) at the time of disclosure, was already in the possession of the receiving party and was not acquired directly or indirectly from the Designating Party or from any third party under obligation of confidence to the Designating Party; or

(iv) after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder.

WE CONSENT:

This the 8th day of March, 2011.

| CRANFILL SUMNER & HARTZOG LLP | SANFORD THOMPSON, PLLC |
|---|---|
| BY: /s/ Robert M. Rubin<br>Robert M. Rubin, Esq.<br>North Carolina Bar No. 22301<br>Post Office Box 30787<br>Charlotte, North Carolina 28230<br>Telephone (704) 332-8300<br>Facsimile (704) 332-9994<br>Counsel for Defendants<br>E-mail: rrubin@cshlaw.com | BY: /s/ Sanford W. Thompson, IV<br>Sanford W. Thompson, IV<br>North Carolina Bar No. 9496<br>Attorney for Plaintiff<br>4800 Six Forks Rd., Ste. 100<br>Raleigh, NC 27609<br>Telephone: (919) 784-9007<br>Facsimile: (919) 784-9003<br>E-Mail: sanford@sthompsonlaw.com |

This the 10th day of March, 2011.

David W. Daniel
United States Magistrate Judge